IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 1:10-CR-68 (1) |
| | § | (Hon. Judge Marcia Crone) |
| LARRY DON MIDDLETON (1) | § | |

**MEMORANDUM IN AID OF SENTENCING**

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, by and through the undersigned Assistant United States Attorney in and for the Eastern District of Texas, presents this Memorandum in Aid of Sentencing, and, would show the following:

I.

Background

Defendant Larry Don Middleton, a multi-convicted felon, has pled guilty to Count One of the indictment in this cause, namely to a violation of 18 U.S.C. § 922(g)(1), possession of a firearm by a felon. He has signed, and the Court has accepted, a factual basis and stipulation supporting his plea of guilty, in which he agreed to the following:

a. That Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent Joel Jauregui, Jr., and other law enforcement officers would testify that on Friday, March 20, 2009, Texas Department of Public Safety (DPS) Narcotics Service Officers, deputies and officers of the Trinity County and Walker County Sheriff's Offices, and other law enforcement officers executed a narcotics related search warrant on the premises of 212 Bette Street, Trinity, Trinity County, Texas, in the Eastern District of Texas. Investigators determined this to be the premises of Larry Don Middleton and his son, Steven Daniel Middleton. Each lived in portions of a residence on the premises: the father lived in the main (original) portion of the residence; the son lived in an addition that was separate but attached to the

residence. SA Jauregui and Investigator Paul Shipper of the Trinity County Narcotics Task Force would testify that testify officers, including DPS Investigator John Hart, who searched the main portion of the residence, discovered it to be occupied by Larry Don Middleton and his wife. Investigator Hart would testify that the *eleven (11) firearms and ammunition* described in Count One of the indictment were recovered from the *master bedroom* of Larry Don Middleton's portion of the residence, and are more particularly described as follows: one (1) Marlin, model 60, .22 caliber rifle, bearing serial number 15475258, one (1) Mossberg, model 500A, 12 gauge shotgun, bearing serial number P432885, one (1) Remington, model 550-1, .22 caliber rifle, bearing no serial number, one (1) Winchester, model 9422, .22 caliber rifle, bearing serial number F270061, one (1) Winchester, model 70XTR Featherweight, 30-06 caliber rifle, bearing serial number G1530915, one (1) Remington, model 700, .243 caliber rifle, bearing serial number A6657372, one (1) Remington Sportsmaster, model 512, .22 caliber rifle, *bearing no serial number*, one (1) Browning Medallion model, .270 caliber rifle, bearing serial number 91706NT317, one (1) Remington, model 700, .270 caliber rifle, bearing serial number C6672922, one (1) Browning, .22 caliber rifle, bearing serial number 02765NM136, one (1) Marlin, model 17V, .17 caliber rifle, bearing serial number 97659116, three (3) rounds of CCI, .17 caliber ammunition, and two (2) rounds of Winchester .22-caliber ammunition.

b. Investigator Hart, Investigator Shipper, and law enforcement officers familiar with the residence, the circumstances, and defendant Larry Don Middleton would testify, and defendant Larry Don Middleton so stipulates, that he was in constructive possession of these firearms either individually or jointly with another at all times relevant to the indictment.

c. Investigator Hart and others would testify that he led the search of the main portion of the residence. He would testify that based on the information he the possessed and the circumstances he personally observed, he seized $9703 in United States currency that defendant Larry Don Middleton had on his person as well as $4260 that he located in a safe within the master bedroom.

d. That James LeBlanc, Jefferson County Sheriff's Department Investigator, a qualified forensic fingerprint examiner, and other witnesses, would testify that defendant Larry Don Middleton is one and the same individual who had previously been convicted of one or more crime(s) punishable by imprisonment for a term exceeding one year, as alleged in the indictment, namely Possession of a Controlled Substance-Cocaine, a felony, in cause number 7218, in the 258th Judicial District Court of Trinity County, Texas (final judgment dated on or about May 9, 1991), Possession of Marijuana, a felony, in cause number 6675, in the 258th Judicial District Court of Trinity County, Texas (final judgment dated on or about December 3, 1981) and Delivery of Marijuana, a felony, in cause number 6690, in the 258th

Judicial District Court of Trinity County, Texas (final judgment dated on or about December 3, 1981).

As shall be demonstrated, below, additional ammunition was found in the residence.

II.

Defendant's Objection:  Claim of Collector Status

Defendant Middleton, in one of his objections to the Presentence Report, claims that he is entitled, pursuant to U.S.S.G. § 2K2.1(b)(2), to an offense level of six (6) because, as he claims, his constructively "possessed all ammunition and firearms solely for .... collection and did not discharge or otherwise unlawfully use such firearms or ammunition."  In support of this claim, he attaches affidavits to the effect that the firearms found belonged to his wife, not to him, and that she collected firearms.

III.

Argument and Authority

A.  *Special Circumstances*

The Guidelines provide for a reduction for the special circumstances specifically identified in U.S.S.G. § 2K2.1(b)(2), quoted, above.  The Commentary suggests appropriate factors for consideration as follows:

> Under subsection (b)(2), "lawful sporting purposes or collection" as determined by the surrounding circumstances, provides for a reduction to an offense level of 6.  Relevant surrounding circumstances include the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history (e.g. prior convictions for offenses involving firearms), and the extent to which possession was restricted by local law.  Not that where the base offense level is determined under subsections (a)(1) - (a)(5), subsection (b)(2) is not applicable.

U.S.S.G. § 2K2.1(b)(2), comment (n.6) (Nov. 2010).

B.  *Defendant's Burden of Proof*

The defendant has the burden of proving, by a preponderance of the evidence, that

his possession, was solely for the limited purpose of collection of lawful sporting activities. *United States v. Shell*, 972 F.2d 548, 550 (5th Cir. 1992).

C.  *Application– Surrounding Circumstances*

Defendant Middleton relies solely on the premise that his constructive possession of the firearms was in connection with his wife's possession of them *solely for collection.* (He does not contend that they were possessed solely for lawful sporting activity.)

1.  *The number and type of firearms.*

a.  *Not collectors' items.*  In this case, officers found eleven (11) firearms, consisting of shotguns and long rifles.  Defendant does not claim that any of these are collectors items.

b.  *Non-transferable.*  Two of these firearms have no serial numbers.  As such, they cannot legally be possessed, and they cannot legally be transferred.  As such, they have no market value.

c.  *Not heirlooms*.  The Defendant does not allege that these are heirlooms that were either received as inheritance bequests nor intended to be gifted or used as inheritance items.  Defendant's son, co-Defendant Steven Don Middleton, could not legally possess them.

2.  *The amount and type of ammunition.*  The ammunition found during the search of his residence on March 20, 2009, namely two (2) rounds of Winchester .22 caliber and three (3) rounds of .17 caliber ammunition corresponds by type and style to the weapons found, indicating use or intent to use of the weapons and not mere collection.

On June 9, 2010, while serving the arrest warrant on defendant Middleton in the instant case, Agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives discovered, in plain view, numerous rounds of firearms, namely twenty-seven (27) boxes of ammunition.  The presence at his residence and/or possession of this ammunition is inconsistent with the firearms being possessed merely for collection purposes.  (*See*

Exhibit 1.)

  3. *The location and circumstances of possession and actual use.*

  a. *No display gun cabinets or gun safe.* The weapons were found in the master bedroom. They were not in a display case, typical of collectibles. The were not in a gun safe. They were scattered about, within easy reach for use, not for mere show as collection items.

  c. *Use for Protection and/or Deterrence.* Affidavit of friend demonstrates the fact that the wife possessed the firearms for protection, not mere collection.

  The monitors found stationed at the home suggest a desire to protect something, e. g. to protect people, to detect approaching law enforcement officers, to protect illegal drugs, or to protect construction equipment. These circumstances suggest that the firearms and ammunition served a similar purpose, as an arsenal, and were not possessed solely for collection purposes.

  4. The nature of the defendant's criminal history (e.g. prior convictions for offenses involving firearms).

  a. *1997 Arrest for Felon in Possession.* On November 1, 1997, Defendant Middleton, was found, on the same occasion, in possession of his Texas Department of Corrections inmate card #587074 and a Winchester rifle, Model 70 XTR, serial number G153095. (See Exhibit 2). He was arrested, but the case was "no-billed." The firearm was turned over to a family member after it was made clear that Defendant Middleton was never to possess it. No one would have known otherwise until authorities found this very firearm in his master bedroom during the search in connection with this case. Even if he or his wife were solely collectors, there is no excuse for regaining possession of that firearm.

  b. *1981 Disqualifying Conviction.*

  Only the passage of time, not the nature of defendant's criminal history,

allows consideration of the collector's reduction.  Defendant Middleton's criminal history includes the following convictions:  1) Possession of a Controlled Substance-Cocaine, a felony, in cause number 7218, in the 258th Judicial District Court of Trinity County, Texas (final judgment dated on or about May 9, 1991); 2)  Possession of Marijuana, a felony, in cause number 6675, in the 258th Judicial District Court of Trinity County, Texas (final judgment dated on or about December 3, 1981); and, 3) Delivery of Marijuana, a felony, in cause number 6690, in the 258th Judicial District Court of Trinity County, Texas (final judgment dated on or about December 3, 1981).

Due to the age of the disqualifying 1981 conviction, it does not count for purposes of U.S.S.G. § 2K2.1(a)(1)-(a)(4); and, as such, it does not preclude him from consideration under § 2K2.1(b).  However, that conviction is part of the background to impeach argument that the firearms and ammunition were merely for collection purposes.

5.   *Sole Purpose Test Not Satisfied*

As the Fifth Circuit Court of Appeals stated in *Shell*, "it is not sufficient that one among several intended uses might be for lawful recreation or collection; one of those must be the *sole* intended uses."  *United States v. Shell*, 972 F.2d at 552.

## CONCLUSION

Defendant Middleton has not satisfied his burden of demonstrating, by a preponderance of the evidence, that the firearms possessed were possessed solely for collection or lawful recreational purposes.  Therefore, the government requests this his Objection be overruled.

Respectfully submitted,

JOHN M. BALES
UNITED STATES ATTORNEY


 /s/ Randall L. Fluke
RANDALL L. FLUKE
Assistant United States Attorney
Texas Bar No. 07188430
350 Magnolia, Ste. 150
Beaumont, TX 77701
409-839-2538


CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the forgoing was this date hand-delivered in open court and also delivered this date by electronic transmission pursuant to the Local Rules of this Court to Mr. Bashist Sharma, attorney for the defendant in this case.


 /s/ Randall L. Fluke
RANDALL L. FLUKE